UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PEREIRA, | No. 2:16-cv-1870 AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

I.      Introduction

Plaintiff, a state prisoner at High Desert State Prison (HDSP), under the authority of the California Department of Corrections and Rehabilitation (CDCR), proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff has consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a).  See ECF No. 6.

 For the reasons set forth below, the court grants petitioner's application to proceed in forma pauperis and dismisses plaintiff's complaint with leave to amend.  The court informs plaintiff of the pre-filing requirement for exhausting his administrative remedies, and the legal standards for stating cognizable claims.

1

II.     In Forma Pauperis Application

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed in forma pauperis, ECF No. 3, will be granted.

Plaintiff is still required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

III.    Screening the Complaint

Plaintiff's complaint, filed August 8, 2016, makes allegations against CDCR, three correctional institutions (HDSP, the California Medical Facility (CMF), and the Sierra Conservation Center (SCC)), and four correctional officers (P. Davis, A. Arnold, K. Loftin, and J. Salazar). The court expedited review of this complaint due to plaintiff's allegations that defendants had ignored plaintiff's "safety and enemy concerns due to disassociation (dropping out) from a prison gang." ECF No. 1 at 3. Further review of the complaint indicates that plaintiff appears to be satisfied with his current housing and seeks only damages in this action. For the reasons that follow, plaintiff's complaint must be dismissed. However, plaintiff is granted leave to file an amended complaint, with guidance on the pre-filing requirement for exhausting administrative remedies, as well as for stating cognizable legal claims against the appropriate defendants.

A.     Screening Requirements

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

    B.  Screening of Plaintiff's Complaint

      1.  Plaintiff's Allegations

Plaintiff seeks $999,999.99 in damages to compensate him for defendants' "repeated act of placing my life in danger, the permanent psychological damage, anxiety, mental and emotional distress." ECF No. 1 at 3. Plaintiff alleges in full, id. at 3-4:

> California Department of Corrections and Rehabilitation, possessing prior documented evidence summarizing my safety and enemy concerns due to disassociation (dropping out) from a prison gang, blatantly and repeatedly jeopardized my life by housing and holding me with the identical prison gang, ignoring evidence of the imminent threat/danger, and the countless incidents deriving from identical circumstances. This occurring through my incarceration at

3

> CDCR institutions: Sierra Conservation Center, California Medical Facility, and High Desert State Prison. At High Desert, the "receiving and releasing" corrections officers, after abreastment of my case factors, attempted to physically force me into a holding cell containing nothing but my documented enemies, then used excessive force to tackle me to the floor when I showed any reluctance, inflicting injury upon my knee. I requested protective custody housing, and was sent to a general population yard that houses the worst of my documented enemies and where countless murders have occurred. I appealed my endorsement prior to my transfer to High Desert, and advised CDCR of my case factors, and they rejected my appeal and transferred me anyway. Now I suffer from anxiety, post-traumatic stress, loss of sleep, and emotional distress.

Exhibits to the complaint indicate that the incident at HDSP took place on December 2, 2015, resulting in plaintiff's placement in administrative segregation on December 3, 2015; plaintiff has been housed in the HDSP Sensitive Needs Yard since December 11, 2015. ECF No. 1 at 5, 7, 12-5.

In response to the question on plaintiff's form complaint, "Is the grievance process complete?" plaintiff checked the "No" box. Id. at 2. Plaintiff has attached to the complaint the following related exhibits: (1) November 20, 2015 Form 22 request (without endorsement of receipt) that plaintiff not be housed with active members of the gang with which he was formerly associated, id. at 8; (2) March 5, 2016 Form 602 challenging the RVR issued against plaintiff for failing to cooperate with the attempted December 2, 2015 placement, id. at 10-1; (3) July 18, 2016 cancellation of the March 5, 2016 Form 602 because plaintiff was "attempting to submit an appeal that has been previously cancelled," further informing plaintiff as follows, id. at 9 (see also id. at 11):

> Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted. You have 30 calendar days to appeal the cancellation. Time constraints begin from the date on the screen out form which cancelled your appeal.

### 2. Administrative Exhaustion

It is evident from both the face of the complaint and attached exhibits that plaintiff failed to exhaust his administrative remedies before commencing this action. Plaintiff's failure to

exhaust his administrative remedies requires dismissal of this action without prejudice unless, in an amended complaint, plaintiff makes a plausible prima facie showing that administrative remedies were effectively unavailable to exhaust his claims in this action.

Plaintiff should consider the following legal standards concerning exhaustion before deciding to submit an amended complaint. "The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (June 6, 2016) (quoting 42 U.S.C. § 1997e(a)). However, "an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross, at 1859 (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). The Supreme Court has identified only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, at 1859. These circumstances are as follows: (1) the "administrative procedure . . . operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60 (citations omitted). Other than these circumstances demonstrating the unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Ross, 136 S. Ct. at 1856-57.

In the Ninth Circuit, dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc). The only exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint." Id. at 1166 (authorizing defendant to move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6)); see also Jones v. Bock, 549 U.S. 199, 215 (2007) (exhaustion is not a pleading

1 requirement but an affirmative defense that, if apparent on the face of the complaint, may support
2 dismissal); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to
3 nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."),
4 overruled on other grounds by Albino, supra, 747 F.3d at 1166; Vaden v. Summerhill, 449 F.3d
5 1047, 1051 (9th Cir. 2006) ("Because Vaden did not exhaust his administrative remedies prior to
6 sending his complaint to the district court, the district court must dismiss his suit without
7 prejudice.") (citing Wyatt, 315 F.3d at 1120).

### 3. Proper Defendants

Section 1983 authorizes a federal civil rights action against any "person" who acts under color of state law. 42 U.S.C. § 1983. "Persons" who may be sued under Section 1983 do not include a state or its entities, or state employees acting in their official capacities. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); see also Kentucky. Graham, 473 U.S. 159 (1985) (the Eleventh Amendment bars federal damages action against a state and its entities).

For these reasons, neither CDCR nor its prisons are subject to suit under Section 1983. If plaintiff files an amended complaint, the defendants must be limited to the individual correctional officers whom plaintiff alleges violated his constitutional rights, specifically, Davis, Arnold, Loftin, and/or Salazar.

Further, plaintiff must allege, in specific terms, how each individual defendant allegedly violated plaintiff's constitutional rights. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [S]ection 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.") (citations omitted.) A complaint that fails to state the specific acts of defendant that allegedly violated plaintiff's rights fails to meet the notice requirements of Rule 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).

Thus, in an amended complaint, plaintiff must identify the individual defendants and the challenged actions or inactions of each defendant, and show how these actions or inactions deprived plaintiff of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976).

### 4. Potential Legal Claims

#### a. Failure to Protect

To the extent that plaintiff seeks to challenge his housing placements and attempted placements with members of his former gang, he appears to be attempting to allege a "failure to protect" claim under the Eighth Amendment. Plaintiff is informed of the following legal standards governing a failure to protect claim.

Under the Eighth Amendment, prison officials must "take reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see also DeShaney v. Winnebago County, 489 U.S. 189, 199-200 (989) ("[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."). This responsibility requires prison officials to protect prisoners from injury by other prisoners. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994).

A "failure to protect" claim under the Eighth Amendment requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. Because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment," evidence must exist to show the defendant acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991) (internal quotation marks, emphasis and citations omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842 (citations omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the

1 risk was obvious." Id. (citations omitted).  A failure to protect claim rests requires the existence
2 or potential existence of a substantial risk of serious harm rather than actual harm per say.  Id. at
3 836.

b.       Excessive Force

Plaintiff is advised of the following legal standards governing a claim for excessive force based on the December 2, 2015 incident, when he allegedly was tackled to the floor and sustained a knee injury.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not ... use excessive physical force against prisoners." Farmer, 511 U.S. at 832 (citing Hudson, 503 U.S. 1).  "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 6-7 (citing Whitley v. Albers, 475 U.S. 312 (1986)).  When determining whether the force was excessive, we look to the "extent of the injury . . ., the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (citing Whitley, 475 U.S. at 321).  While de minimis uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, at 9 (citing Whitley, at 327).

"The extent of injury may ... provide some indication of the amount of force applied.... [N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson, 503 U.S. at 9).  "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.  An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.  [¶] Injury

8

and force, however, are only imperfectly correlated, and it is the latter that ultimately counts." Wilkins, 559 U.S. at 37-8 (citations and internal quotation marks omitted).

### IV. Leave to File An Amended Complaint

For the reasons set forth above, plaintiff's complaint is dismissed for failure to state a cognizable claim. 28 U.S.C. § 1915A. However, plaintiff is granted leave to file an amended complaint that states cognizable legal claims against specifically identified defendants, and shows that plaintiff's administrative remedies were not available to exhaust these claims before plaintiff commenced this action. Failure to satisfy these conditions – or plaintiff's decision to refrain from filing an amended complaint – will result in the dismissal of this action without prejudice.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  The amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in an amended complaint, each claim and the alleged involvement of each defendant must be sufficiently identified.  There can be no liability under Section 1983 unless there is an affirmative link or connection between each defendant's alleged conduct and the claimed deprivation of constitutional rights.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson, 588 F.2d at 743.  Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### V. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 3, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint, ECF No. 1, is dismissed with leave to file an amended complaint.

///

4. Within thirty days after the filing date of this order, plaintiff shall complete and return the attached "Notice of Action," indicating whether he chooses to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a), <u>OR</u> chooses to proceed on an amended complaint submitted with the Notice.

5. If plaintiff chooses to proceed on an amended complaint, it must comply with the requirements set forth herein, bear the docket number assigned this case, and be labeled "First Amended Complaint."

6. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a blank form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

7. Failure of plaintiff to timely file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

DATED:  September 9, 2016.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PEREIRA, | No. 2:16-cv-1870 AC P |
| Plaintiff, | |
| v. | <u>NOTICE OF ACTION</u> |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

In compliance with the court's order filed _____ , plaintiff chooses to:

\_\_\_\_\_     Voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)

OR

\_\_\_\_\_     Proceed in this action with a proposed First Amended Complaint, submitted herewith.

_____      _____
Date                                                                          Plaintiff