UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PEREIRA, | No. 2:16-cv-1870 AC P |
| Plaintiff, | |
| v. | ORDER and |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons set forth below, the undersigned recommends that this action be dismissed without prejudice because filed before plaintiff exhausted his administrative remedies. "The Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." Ross v. Blake, 136 S. Ct. 1850, 1854-55 (2016) (quoting 42 U.S.C. § 1997e(a)).

Pursuant to 28 U.S.C. § 1915A, this court dismissed plaintiff's original complaint, filed August 8, 2016 (ECF No. 1), with leave to file a proposed First Amended Complaint (FAC), and provided guidance to plaintiff regarding how to state cognizable legal claims based on his factual

1

allegations.  See ECF No. 7.  The court noted in pertinent part, id. at 4-5:

> It is evident from both the face of the complaint and attached exhibits that plaintiff failed to exhaust his administrative remedies before commencing this action.  Plaintiff's failure to exhaust his administrative remedies requires dismissal of this action without prejudice unless, in an amended complaint, plaintiff makes a plausible prima facie showing that administrative remedies were effectively unavailable to exhaust his claims in this action.

Plaintiff's FAC (ECF No. 12) expounds upon his factual allegations and provides "yes" answers to the form questions concerning whether plaintiff exhausted his administrative remedies.  However, plaintiff thereafter filed exhibits demonstrating that he exhausted his administrative remedies on the allegations set forth in this action after he filed both his complaint and FAC.  See ECF No. 13.  Plaintiff submitted his initial administrative appeal on January 18, 2016.  Id. at 6.  The relevant final Third Level Review Decision was issued January 5, 2017.  Id. at 2-3.

Exhaustion of plaintiff's appeal at the Third Level demonstrates that administrative remedies were effectively available to him throughout the relevant period.  Therefore, plaintiff's failure to exhaust his administrative remedies before commencing this action does not come within any of the limited exceptions recognized by the Supreme Court in Ross, supra, 136 S. Ct. 1850.  See discussion, ECF No. 7 at 5.  As a result, this action must be dismissed without prejudice to plaintiff filing an entirely new action that accurately reflects the pre-filing exhaustion of his administrative remedies.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to randomly assign a district judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

////

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 23, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE